PER CURIAM.
This is an appeal by Orlando-Orange County Expressway Authority, plaintiff below, from a final judgment entered pursuant to a jury verdict in an eminent domain proceeding. It is the contention of the condemning authority that the testimony by the defendant landowner about the asking prices for properties comparable to the subject property was erroneously admitted into evidence and was prejudicial to the plaintiff.[1]
In light of this court’s recent decision in Rice v. City of Fort Lauderdale, Fla.App.1973, 281 So.2d 36, as applied to the facts of this case we are of the opinion that there is merit to the plaintiff’s contentions. In Rice, we cited with approval the comments in Nichols on Eminent Domain, 3d ed., vol. 5, Sec. 21.4(3), holding, in part:
“If evidence of the price of similar land is to be admitted, the rule is firmly established that it must be confined to the amount actually paid in a completed transaction. Mere offers whether made by the owner of such land or to him, are inadmissible. . . .” (Emphasis added.)
Accordingly, the final judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.
OWEN, C. J., and WALDEN and MA-GER, JJ., concur.

. Although the landowner properly testified that in his own opinion the property taken by the condemning authority had a value of $60,000.00, the landowner was also permitted to state to the jury that a lot had been found for him for which “they wanted thirty-five thousand” and which the landowner claimed was not comparable to the subject property. The state’s expert witness testified that the value of the subject property was $22,500. The jury returned a verdict in the amount of $33,000.00. The record also reflects references to other offers on other parcels of property.